The opinion of the court was delivered by
Spencer, J.
This is a suit to recover of defendant two licenses — one for $1000 for its banking business, and one for $400 for its business as pawnbroker. There was judgment below for plaintiff, and defendant appeals.
It is admitted that the defendant in connection with its banking “loans money on pledge or pawn of personal property, such as watches, jewelry, etc., and issues pawn tickets according to the custom of pawnbrokers.”
Defendant contends, in substance—
First — That its pawnbroking business is legitimate banking, and that it is carried on as part of its banking business. In other words, that under a license as a bank, it has the right to deal as a pawnbroker.
Second — That the authority of the city to levy the licenses claimed under its charter is repealed by the premium bond act limiting the taxing power of the corporation to fifteen mills on the valuation of property.
As regards the first proposition, we are unable to concur in the views of appellant’s counsel. The business of banking, properly so-called, and that of pawnbroker, are as distinct and well defined as that of wholesale and retail merchant, or any other two recognized lines of business. There can be no doubt of the right of the defendant to carry on the double business of banking and pawnbrokering, just as a retail clothier may carry on the tailoring business. But the two occupations are, in commerce, and in law, regarded and treated as distinct. There is no doubt of the power of the Legislative authority to establish these distinctions. It has done so, and in so doing has simply recognized a well known commercial classification. The ordinances of the city require any person or corporation carrying on two trades or occupations to pay a license for each.
*311 Second — The sixth section of act 31 of 1876, commonly known as the “ Premium Bond ” act, limits the taxing power of the city to fifteen mills on the dollar of the assessed value of property. This clearly refers to taxes on property, and not to these imposed by way of license on occupations, trades, and professions.
We see no reason to doubt the correctness of the judgment appealed from, and it is affirmed with costs.
Rehearing refused.